UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY A. WRIGHT,

               Plaintiff,

   v.

KING COUNTY, et al.,

               Defendants.

CASE NO. 2:18-cv-00737-JLR-BAT

**REPORT AND RECOMMENDATION**

      Defendants Emmanuel Hebron, David McKenney, Anthony Spivey, King County, and the Maleng Regional Justice Center move for summary judgment dismissal of Plaintiff Gregory A. Wright's 42 U.S.C. Section 1983 claims of excessive force, deliberate indifference to serious medical needs, creation of a hostile environment, and excessive bail. Dkt. 21. Defendants contend that Plaintiff's claims are barred because he failed to exhaust his administrative remedies. Alternatively, Defendants contend Plaintiff has failed to prove a violation of his constitutional rights and they are entitled to qualified immunity. *Id.*

      Plaintiff filed no response to Defendants' motion. Pursuant to Fed. R. Civ. P. 56(e), the Court may grant summary judgment in Defendants' favor if the motion and supporting materials, including the facts considered undisputed, show Defendants are entitled to it.

      The undersigned agrees that Plaintiff did not fully exhaust his claims administratively, as required, prior to filing this action. The Court need not address Defendants' other grounds for dismissal if the Court agrees as to exhaustion.

REPORT AND RECOMMENDATION - 1

# FACTS RELEVANT TO EXHAUSTION[1]

Plaintiff was in King County's custody from August 12, 2017 until his transfer to state prison on July 20, 2018. Dkt. 23, Declaration of Andrea Williams, ¶¶ 6-12. From September 8, 2017 until March 15, 2018, he was housed at the Maleng Regional Justice Center (MRJC) in the Q Unit. *Id.*, ¶ 8. On March 15, 2018, Plaintiff was involved in an inmate fight and after serving a disciplinary sanction, he was assigned to the E housing unit at MRJC, where he was housed from March 23, 2018 until May 26, 2018. *Id.*, ¶ 9. On May 26, 2018, Plaintiff was transferred from the MRJC to the KCCF in Seattle where he remained until July 20, 2018. *Id.*, ¶ 12.

## A.    Plaintiff's Claims

Plaintiff alleges violation of his Eight Amendment rights based on the excessive force (tazing, forcing him down on the ground, kneeing his back, and twisting his arm to handcuff him) used by Defendants Hebron, McKenney, and Spivey when they stopped the fight between Plaintiff and the other inmate on March 15, 2018. Dkt. 7, pp. 4-6. Plaintiff also claims he was denied medical care. Although he was taken to the clinic the same day, he alleges he had to wait a full week before an x-ray was taken of his shoulder. He also claims that the psychiatrist at MRCJ denied him the medication Prazosin, but the psychiatrist at KCJ prescribed the Prazosin, which has "tremendously helped [his] nightmares." Dkt. 7, p. 4.

Plaintiff additionally seeks "relief in the amount of 15 million Dollars" for placing him in a hostile environment. Plaintiff alleges that after Officer Hebron tazed him and Plaintiff was transferred to the E Unit, Officer Hebron was assigned to his housing unit on at least two occasions and was assigned to transport him (to a court hearing) and that this was allegedly done

---

[1] Additional facts relating to each claim alleged are set forth in more detail in Defendants' motion for summary judgment and supporting declarations. *See* Dkt. 21, pp. 2-8; Dkts. 22-29.

REPORT AND RECOMMENDATION - 2

"to provoke [him]." Dkt. 7, p. 5. Plaintiff also alleged that Officer McKenney was coming to E Unit "giving [him] weird looks," which made him scared for his life and that "even Sgt. Spivey who put his knee in my back shall be confronted also." *Id.*, p. 7.

Finally, Plaintiff alleges that the King County Jail kept his bail at $100,000 after the inmate fight to punish him because he was indigent. Dkt. 7, p. 4.

**B.     The Grievance Process**

The Department of Adult and Juvenile Detention (DAJD) has a grievance procedure, which is outlined in the Inmate Handbook. A "grievance" is a complaint, problem, or issue brought to the jail's attention via an Inmate Grievance Report form. Inmate Grievance Report forms are available by requesting them from the officer on each housing floor and may be returned to a locked box in each unit. Inmates are provided with instructions on how to file a grievance on the form itself and also in the Inmate Handbook under a section entitled "Grievance Procedures." Dkt. 23, Williams Decl., ¶ 3.

Inmates are instructed to file any grievance within 14 days of the event prompting the grievance report. The purpose of this time limit is to provide the jail an opportunity to rectify any issues and to promptly perform any necessary investigation to minimize the risk of lost evidence or fading memories. Per policy, absent rare and extraordinary circumstances, each grievance is reviewed and responded to within 10 days. *Id.*, ¶ 4.

Inmates are permitted to appeal the response to each grievance within 5 days if the inmate has new information or if they believe that the original reviewer committed error. The instructions for appealing a grievance are included on the Inmate Grievance Report form, and inmates are instructed to use the same form that was submitted for the original grievance and that contains the reviewer's response. *Id.*, ¶ 5.

REPORT AND RECOMMENDATION - 3

**C.     Plaintiff's Grievances**

Andrea Williams, the Records and Information Systems Manager at DAJD, is responsible for keeping and maintaining records of grievances. *Id*., ¶ 1. Ms. Williams reviewed the records of grievances submitted by Plaintiff during the period of his incarceration beginning August 12, 2017 until his release from King County's custody on July 20, 2018. *Id*., ¶ 14. During that time, Plaintiff filed one grievance dated May 18, 2018. *Id*., ¶ 15, Exhibit A. In that grievance, he claimed that Officer Hebron was harassing him because he transported him from a court hearing and had worked in Plaintiff's housing unit twice since the tazing incident. *Id*., Exhibit A. On May 23, 2018, staff responded to the grievance, stating that Officer Hebron's "interaction with you was nothing more than a courtesy he didn't even recognize you as the person he had 'tazed.' We can't move him every day to accommodate a perceived slight." *Id.*, Exhibit A. Plaintiff did not appeal the response in accordance with the grievance procedure at DAJD. *Id*., ¶ 17.

Plaintiff never filed a grievance after he was tazed and handcuffed on March 15, 2018. *Id.*, ¶ 18. Plaintiff attaches to his Amended Complaint a hand-written copy of one page of an infraction report related to his disciplinary hearing after the fight. Dkt. 7 at 12-14. This is not a grievance nor is it a complete copy of the infraction report. Dkt. 24, Declaration of Sharon Coleman ¶ 4. The complete infraction report shows that Plaintiff pled guilty to fighting and he did not appeal his disciplinary sanction. *Id*. at ¶ 6.

## LEGAL STANDARDS

**A.     Summary Judgment For Failure to Exhaust Prison Remedies**

Prisoners are not required to allege that they exhausted their remedies; instead, defendants must plead and prove failure to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir.) cert. denied sub nom. *Scott v. Albino*, 135 S.Ct. 403, 190 L.Ed.2d 307 (2014). When

REPORT AND RECOMMENDATION - 4

seeking to dispose of prisoner cases on exhaustion grounds, defendants must do so through a motion for summary judgment under Fed. R. Civ. P. 56. *Id.* "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id.* Judges may decide disputed issues of fact to determine whether exhaustion occurred and have discretion to decide whether additional discovery is needed to determine exhaustion. *Id.*

All other rules of summary judgment apply. The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). "If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

**B.      Properly Exhausting Claims in Prison**

The Prison Litigation Reform Act of 1995 ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to

REPORT AND RECOMMENDATION - 5

all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Inmates must not only fully exhaust available administrative remedies, but they also must exhaust those remedies in a timely manner and must abide by the administrative rules governing the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id*. at 1120.

**DISCUSSION**

Plaintiff failed to properly exhaust the administrative remedies available to him as to all claims asserted in his Amended Complaint. He alleges generally that he "filed [a] grievance in March on the 16th yet I still haven't received any feedback." Dkt. 7, p. 9. Plaintiff provides no further explanation of this grievance nor does this type of vague and unsubstantiated explanation meet the plaintiff's burden of production to demonstrate the effective unavailability of prison grievance procedures. *See Wright v. Austin*, 2017 WL 1184065 *4 (W.D. Wash. 2017).

The summary judgment evidence, which Plaintiff does not dispute, shows that DAJD has a grievance procedure, which is outlined in the Inmate Handbook, and the forms to fill out a grievance are readily available to inmates in the housing units. Dkt. 23, Williams Decl., ¶¶ 3-5. Plaintiff is aware of the procedure and used it in May regarding Officer Hebron's assignment as

REPORT AND RECOMMENDATION - 6

transport officer. However, Plaintiff never appealed the response he received to that grievance and therefore, did not properly exhaust his administrative remedies as to his claim that Defendant Hebron purposefully created a hostile environment.

Plaintiff filed no other grievances between August 12, 2017 and July 20, 2018. *Id.*, ¶¶ 14-17. Thus, he also failed to properly exhaust his administrative remedies regarding his allegations of excessive force, denial of or deliberate indifference to his serious medical needs, and the imposition of excessive bail.

Based on all the evidence in the record, Defendants have met their burden of establishing that Plaintiff failed to fully exhaust the administrative review process available to him on any of the claims he brings here. Therefore, Plaintiff's claims are premature and must be dismissed without prejudice. *See*, *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.2003), *overruled on other grounds in Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) ("If a prisoner has failed to exhaust his administrative remedies, the appropriate remedy is dismissal without prejudice.").

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **January 3, 2019.** The Clerk should note the matter for **January 7, 2019**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and

REPORT AND RECOMMENDATION - 7

1 responses shall not exceed **seven (7)** pages.  The failure to timely object may affect the right to
2 appeal.
3   DATED this 13th day of December, 2018.

                _____
                BRIAN A. TSUCHIDA
                Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 8